UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK TUFANO,

Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION and THE IMA GROUP,

Defendants.

**OPINION & ORDER**

25-CV-06515 (PMH)

Philip M. Halpern, United States District Judge:

Frank Tufano ("Plaintiff"), proceeding *pro se*, brings this action against the Social Security Administration ("SSA") and The IMA Group ("IMA" and together, "Defendants"). (Doc. 1-1, "Compl."). Before the Court is Defendant SSA's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and for partial summary judgment pursuant to Rule 56 filed on August 19, 2026. (Doc. 36; Doc. 37, "SSA Br."; Doc. 38, "Cowell Decl."; Doc. 39, "Rowe Decl."; Doc. 40, "Cowart Decl."; Doc. 41, "56.1 Stmt."; Doc. 42). Plaintiff filed opposition on August 24, 2026 (Doc. 43, "Pl. Br."), and Defendant SSA filed reply on October 2, 2026 (Doc. 49, "Reply").

For the reasons set forth below, Defendant SSA's motion is granted.

## BACKGROUND

The Court, for purposes of deciding the pending motion, accepts as true the well-pled factual allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor. *See Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020). The Court also draws facts

from Defendant SSA's Rule 56.1 Statement of Undisputed Material Facts,[1] and the admissible evidence proffered by the parties.

Plaintiff alleges that he became "physically disabled and unable to work as a result of a botched eye surgery that occurred in November of 2023." (Compl. ¶ 1). Plaintiff now has "compromised vision as well as eye pain," is "bedridden the majority of the day," and "is unable to perform most basic personal tasks by himself . . . ." (*Id.* ¶¶ 2-3). Plaintiff has undergone ten unsuccessful surgical procedures in an attempt to "restore his vision and physical appearance . . . ." (*Id.* ¶ 4).

Plaintiff was examined by Defendant IMA at an appointment scheduled by Defendant SSA on May 29, 2025. (*Id.* ¶¶ 7, 21). This appointment caused Plaintiff to suffer "permanent harm and damage to his eyes." (*Id.* ¶ 7). The doctor, at this appointment, insisted on giving Plaintiff drops to dilate his eyes, which caused Plaintiff to suffer "significant migraine[s] for several days after the procedure." (*Id.* ¶ 22). The doctor also "abruptly lowered [Plaintiff] back in the chair, and violently held down [Plaintiff]'s head while forcing an instrument in his eyes." (*Id.* ¶ 23). Plaintiff, following this appointment, had "newly occurring pain and dryness in both his eyes" and "his eyes were more asymmetrical than before . . . ." (*Id.* ¶ 25).

Defendant SSA denied Plaintiff disability status despite Plaintiff "being clear about his current physical state and inability to work . . . ." (*Id.* ¶ 6). Although Plaintiff applied for disability benefits with the SSA and his request was denied, the SSA's Appeals Council never denied a request by Plaintiff to review the administrative judge's decision to deny his benefits application. (56.1 Stmt. ¶ 2). The Appeals Council has not issued a final decision on Plaintiff's benefits

[1] Plaintiff did not respond to Defendant SSA's Rule 56.1 Statement.

application. (*Id.* ¶ 3). Furthermore, Plaintiff never submitted an administrative claim under the Federal Tort Claims Act to the SSA. (*Id.* ¶ 4).

Plaintiff alleges that Defendant SSA "fraudulently ignored [his] disabled state in order to not pay him benefits" and denied him "life, liberty, and property, by not giving him the basic income needed for necessities." (Compl. ¶¶ 16-17). Plaintiff also claims that Defendant SSA "likely conspired internally between employees and externally with The IMA Group to falsify documents and ignore [Plaintiff's] symptoms that are preventing him from working." (*Id.* ¶ 19).

## STANDARD OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action "when the district court lacks the statutory or constitutional power to adjudicate it." *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019). "The party invoking federal jurisdiction bears the burden of establishing jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). When deciding a Rule 12(b)(1) motion, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers*, 558 F.3d at 143.

### II. Federal Rule of Civil Procedure 56

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, No. 17-CV-03875, 2020 WL 917294, at *4 (S.D.N.Y. Feb. 26, 2020) (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). "The question at summary judgment is whether a genuine dispute as to a *material* fact exists—not whether the parties have a dispute as to any fact." *Hernandez v. Comm'r of Baseball*, No. 22-343, 2023 WL 5217876, at *5 (2d Cir. Aug. 15, 2023) (citing *McKinney v. City of Middletown*, 49 F.4th 730, 737 (2d Cir. 2022)).

The Court's duty, when determining whether summary judgment is appropriate, is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *McKinney*, 49 F.4th at 738 (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence. The task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial." *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)).

"It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The Court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 2020 WL 917294, at *4 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or

conjecture as to the true nature of the facts." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, if "there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must also establish its entitlement to judgment as a matter of law. *See Glover v. Austin*, 289 F. App'x 430, 431 (2d Cir. 2008) ("Summary judgment is appropriate if, but only if, there are no genuine issues of material fact supporting an essential element of the plaintiffs' claim for relief."); *Pimentel v. City of New York*, 74 F. App'x 146, 148 (2d Cir. 2003) (holding that because plaintiff "failed to raise an issue of material fact with respect to an essential element of her[] claim, the District Court properly granted summary judgment dismissing that claim."). Simply put, the movant must separately establish that the law favors the judgment sought.

The Court is, of course, mindful that "[*p*]*ro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018). "It is through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se* litigant from making the showing required to defeat summary judgment; he or she must offer more than "bald assertions, completely unsupported by evidence" to overcome the motion. *Wisdom v. Loiodice*, No. 17-CV-04837, 2020 WL 4431590, at *4 (S.D.N.Y. July 31, 2020); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (explaining that the mere fact that

a litigant is *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment"); *Ross v. Koenigsmann*, No. 14-CV-01321, 2017 WL 9511096, at *1 (N.D.N.Y. Aug. 16, 2017), *adopted sub nom. Ross v. Mannava*, 2017 WL 4338883 (N.D.N.Y. Sept. 29, 2017).

## ANALYSIS

Plaintiff presses four claims against Defendant SSA: (1) fraud; (2) violation of 18 U.S.C. § 242 and his Fourteenth Amendment rights; (3) civil conspiracy; and (4) medical malpractice. (Compl. ¶¶ 14-26). Defendant SSA moves to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(1) and for partial summary judgment on Plaintiff's first claim for relief. (SSA Br. at 7).[2]

### I. First Claim for Relief

Plaintiff's first claim for relief alleges that Defendant SSA "fraudulently ignored [his] disabled state in order to not have to pay him benefits, resulting in their own personal and financial gains." (Compl. ¶ 16). Plaintiff styles this claim as a fraud claim, but it could also be construed as a claim for denial of benefits pursuant to 42 U.S.C. § 405(g) and, thus, the Court addresses both. *See, e.g.*, *Joan T. v. Comm'r of Soc. Sec.*, No. 22-CV-01251, 2023 WL 2600199, at *3-4 (D. Conn. Mar. 22, 2023) (construing claim pled pursuant to 42 U.S.C. § 1983 "as an attempt to seek judicial review under 42 U.S.C. § 405(g) . . . ."). Defendant SSA argues that summary judgment should be granted on this claim, to the extent Plaintiff presses a claim for denial of benefits pursuant to § 405(g), because "Plaintiff did not fully exhaust his administrative remedies and his failure is not

[2] Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

excused." (SSA Br. at 15).[3] The SSA also argues that, to the extent Plaintiff asserts a state law fraud claim, such claim is "barred by the [Federal Tort Claim Act]'s so-called 'intentional torts exception'" and should be dismissed pursuant to Rule 12(b)(1). (*Id.* at 20). The Court agrees with Defendant SSA.

A. Section 405(g)

"The Social Security Act permits claimants to seek review in federal court of a 'final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party.'" *Hines v. Soc. Sec. Admin.*, No. 26-CV-03653, 2026 WL 1453628, at *3 (S.D.N.Y. May 22, 2026) (alteration in original) (quoting 42 U.S.C. § 405(g)). Consequently, "[i]f a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under Section 405(g)." *Id.* (citing *Weinberg v. Salfi*, 422 U.S. 749, 764 (1975)). The "final decision" requirement has two components: "(i) the jurisdictional, non-waivable requirement that a claim for benefits has been presented to the Commissioner, and (ii) the non-jurisdictional, waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." *Maynard v. Commissioner*, No. 15-CV-00586, 2015 WL 4069356, at *1 (E.D.N.Y. July 1, 2015) (quoting *Dobson v. Comm'r of Soc. Sec.*, No. 10-CV-06167, 2014 WL 1909363, at *5 (S.D.N.Y. May 12, 2014)).

---

[3] "[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Defendant SSA seeks to invoke Rule 56, as permitted by Rule 56(b), with respect to an interpretation of Plaintiff's first claim for relief as a § 405(g) claim. (*See* SSA Br. at 7, 11 n.4). Assuming without deciding that Rule 12(b)(1) cannot be used to decide this § 405(g) claim, the Court adjudicates this branch of Defendant SSA's motion under Rule 56. The docket reflects that Defendant SSA provided Plaintiff the proper notice required pursuant to Local Rule 56.2. (*See* Doc. 42). Defendant SSA also served Plaintiff with its motion, which states its intent to move for summary judgment, its Rule 56.1 Statement of Material Facts, and various affidavits in support of its motion for summary judgment. (*See* Docs. 36-41). Furthermore, it is apparent that Plaintiff was aware that Defendant SSA moved for summary judgment, as Plaintiff titled his opposition: "Opposition to Motion for Summary Judgment by SSA." (*See* Pl. Br.).

"The Commissioner has devised a four-step process by which a claimant must exhaust administrative remedies before proceeding to federal court." *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 6 (2d Cir. 2011) (summary order). "To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge ("ALJ"); and (4) request that the Appeals Council review the ALJ's decision." *Hines*, 2026 WL 1453628, at *4 (first citing § 405(g); and then citing 20 C.F.R. § 404.900(a)(1)-(5)). The decision of the Appeals Council is final, "and a claimant may seek judicial review of that decision in district court." *Escalera*, 458 F. App'x at 6 (first citing *Califano v. Sanders*, 430 U.S. 99, 101-02 (1977); and then citing 20 C.F.R. § 404.981).

Here, Plaintiff has pled no facts suggesting that he took any steps to exhaust this claim. (*See* Compl.). Moreover, Defendant SSA has submitted uncontroverted evidence establishing that there is no genuine dispute of material fact that Plaintiff in fact did not exhaust his administrative remedies prior to filing suit. (*See* 56.1 Stmt.; Cowell Decl.). Specifically, Lesha Cowell, the Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations for the SSA has submitted a declaration attesting that "[t]here is no record of the Appeals Council denying a request by [Plaintiff] for review of an ALJ decision" and "[t]here is no record of the Appeals Council issuing a final decision on a benefits application submitted by [Plaintiff]." (Cowell Decl. ¶ 3). Thus, it is undisputed that Plaintiff has failed to "exhaust the administrative remedies prescribed by the Commissioner," which is required to complete the second step of obtaining a "final decision" of the Commissioner. *See Maynard*, 2015 WL 4069356, at *1

"However, a plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring

exhaustion would result in irreparable harm." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997) (citing *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)). "[E]xhaustion of administrative remedies is the rule, and waiver the exception," *Bastek v. Federal Crop. Ins. Corp.*, 145 F.3d 90, 93 (2d Cir. 1998), and Plaintiff does not even argue that his failure to exhaust should be excused (*see* Pl. Br.). Regardless, Plaintiff's fraud claim is not "collateral to a demand for benefits," as he alleges, for this claim, that Defendant SSA "fraudulently ignored [his] disabled state in order to not have to pay him benefits, resulting in their own personal and financial gains." (Compl. ¶ 16); *see Pavano*, 95 F.3d at 150 (finding claims were "not collateral to . . . demand for Medicare benefits" where "[t]he gravamen of [the plaintiffs'] complaint was that the Government wrongly denied them benefits."). Additionally, exhaustion would not be futile, as "[a] final agency decision and developed written record would ensure a more complete review in federal court." *Escalera*, 457 F. App'x at 6-7. So too, Plaintiff has not demonstrated that "requiring exhaustion would result in irreparable harm," as he has not shown "that no *post hoc* relief would be adequate." *Id.* at 7 (quoting *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983)).

Thus, Plaintiff did not properly exhaust his administrative remedies, a requirement for bringing a claim pursuant to § 405(g), and has not shown that the exhaustion requirement should be waived. *Accord Liner v. Jenkins*, No. 22-CV-03448, 2022 WL 4097189, at *4 (S.D.N.Y. Sept. 2, 2022) ("Inasmuch as Plaintiff is challenging a decision of the SSA as to his claims for Social Security benefits, he does not allege facts showing that he exhausted the available remedies before bringing this action, or that the exhaustion requirement should be waived.").

Accordingly, Plaintiff's first claim for relief, to the extent it is brought pursuant to § 405(g), is dismissed pursuant to Rule 56.

B. Fraud

This claim, construed as a fraud claim brought pursuant to the Federal Tort Claims Act ("FTCA"),[4] is likewise subject to dismissal, albeit under the doctrine of sovereign immunity. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

"In the FTCA, Congress expressly waived sovereign immunity by stating that '[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.'" *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021) (alteration in original) (quoting 28 U.S.C. § 2674). The FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h). Courts within this Circuit have construed fraud claims to fall within § 2680(h)'s exception to the FTCA's limited waiver of sovereign immunity. *See Regnante v. Sec. & Exch. Officials*, 134 F. Supp. 3d 749, 770 (S.D.N.Y. 2015) ("[T]o the extent that the Amended Complaint alleges that Defendants engaged in fraud, this

[4] "The FTCA provides 'the exclusive remedy' for non-constitutional tort claims arising from 'the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her or] his office or employment.'" *Mendoza v. Edge*, 615 F. Supp. 3d 163, 169 (E.D.N.Y. 2022) (alteration in original) (quoting *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991)).

claim also falls within the purview of the FTCA, and ultimately founders on the doctrine of sovereign immunity."); *Lipkin v. U.S. S.E.C.*, 468 F. Supp. 2d 614, 616 (S.D.N.Y. 2006) ("[P]laintiffs' fraud, perjury, interference with contract, slander, 'conspiracy for libel,' spoliation, and concealment of evidence claims all fall outside the limited waiver of sovereign immunity provided by the FTCA." (citing 28 U.S.C. § 2680(h)). Thus, the United States has not waived its sovereign immunity with respect to Plaintiff's fraud claim and the Court lacks subject matter jurisdiction to hear it.

Accordingly, Plaintiff's first claim for relief, to the extent Plaintiff asserts a fraud claim, against Defendant SSA is dismissed pursuant to Rule 12(b)(1).

II. <u>Second and Third Claims for Relief: Due Process and Conspiracy</u>

Plaintiff's second claim for relief alleges that Defendant SSA deprived him "of his fourteenth amendment right" by denying him "his disability payments in the context of his current physical state" and "not giving him the basic income needed for necessities." (Compl. ¶ 17).[5] Plaintiff also alleges in his third claim for relief that Defendant SSA "likely conspired internally between employees and externally with The IMA Group to falsify documents and ignore [his] symptoms that are preventing him from working." (*Id.* ¶ 19). Defendant SSA argues that "[t]hese claims should be dismissed for lack of subject matter jurisdiction" because "the United States has

[5] Plaintiff's due process claim is properly brought under the Fifth Amendment, as Defendant SSA correctly notes, not the Fourteenth Amendment, as pled. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Plaintiff also pleads this claim as a claim pursuant to 18 U.S.C. § 242, a federal criminal statute. (*See* Compl. at 4). Defendant SSA does not address § 242. (*See* SSA Br.). However, "Plaintiff cannot initiate a criminal prosecution in this court because 'the decision to prosecute is solely within the discretion of the prosecutor.'" *Kelly v. Florence*, No. 24-CV-02279, 2024 WL 5089769, at *6 (S.D.N.Y. Dec. 11, 2024) (quoting *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981)). Plaintiff, consequently, "lacks standing to cause the federal criminal prosecution of others . . . ." *Id.* Accordingly, the Court *sua sponte* dismisses Plaintiff's second claim for relief, to the extent it is brought pursuant to 18 U.S.C. § 242, for lack of subject matter jurisdiction. *See id.* (dismissing 18 U.S.C. § 242 claim brought by a plaintiff in a civil case for lack of subject matter jurisdiction).

not consented to be sued for constitutional tort claims such as those Plaintiff asserts here." (SSA Br. at 17-18). The Court agrees with Defendant SSA.

Plaintiff's due process claim is barred by the doctrine of sovereign immunity. "To the extent that Plaintiff alleges that his constitutional rights were violated by an agency . . . of the United States government, the proper jurisdictional basis is under *Bivens [v. Six Unknown Named Agents of Fed Bureau of Narcotics*], 403 U.S. 388 [(1971)], rather than § 1983." *Gault v. Social Security Administration*, No. 17-CV-00703, 2017 WL 1655192, at *1 n.1 (E.D.N.Y. May 2, 2017). "But *Bivens* claims against the United States and federal agencies are barred by sovereign immunity, and can only proceed against federal officials." *Dudley v. SSA*, No. 23-CV-00705, 2024 WL 3845758, at *7 (D. Conn. Aug. 16, 2024) (citing *Meyer*, 510 U.S. at 486). Plaintiff brings his due process claim against a federal agency, the Social Security Administration. Therefore, his due process claim is barred by the doctrine of sovereign immunity. *See Adeleke v. United States*, 355 F.3d 144, 147 (2d Cir. 2004) ("Sovereign immunity similarly deprived the district court of jurisdiction over [plaintiff]'s due process claim."); *Zynger v. Dep't of Homeland Sec.*, 615 F. Supp. 2d 50, 56 (E.D.N.Y. 2009) (dismissing Fifth Amendment claims against federal agency defendants because the federal government has not waived sovereign immunity with respect to such claims).

So too, the federal government has not waived its sovereign immunity for Plaintiff's conspiracy claim, whether it is brought pursuant to 42 U.S.C. § 1985 or state law. "The U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42." *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006); *see also Harrison v. Potter*, 323 F. Supp. 2d 593, 604 (S.D.N.Y. 2004) (dismissing conspiracy claim against United States Postal Service and Postmaster General "[b]ecause the United States has not waived its sovereign immunity for constitutional tort claims under the Civil Rights Act . .

. ."). Furthermore, § 2680(h) "does not only bar the torts expressly enumerated therein, but also bars any claim arising out of any of those torts." *Knight v. United States*, No. 09-CV-00015, 2009 WL 10701807, at *5 (E.D.N.Y. Dec. 16, 2009) (internal quotation marks omitted) (quoting *United States v. Shearer*, 473 U.S. 52, 55 (1985) (plurality opinion)). Thus, Plaintiffs claim that Defendant SSA "likely conspired internally between employees and externally with The IMA Group to falsify documents," (Compl. ¶ 19), is a claim "arising out of deceit and/or misrepresentation" and is "barred by the 'intentional torts exception' to the FTCA." *Knight*, 2009 WL 10701807, at *5 (first citing *Lipkin*, 468 F. Supp. 2d at 616; and then citing *United States v. Chilstead Building Co., Inc.*, 18 F. Supp. 2d 210, 214 (N.D.N.Y. 1998)).

Accordingly, Plaintiff's second and third claims for relief, for violation of his due process rights and conspiracy, against Defendant SSA are dismissed pursuant to Rule 12(b)(1).

III. Fourth Claim for Relief: Medical Malpractice

Plaintiff's fourth claim for relief is for medical malpractice. Plaintiff alleges that Defendant SSA "scheduled an examination for [Plaintiff] through The IMA Group" and that he was injured during this examination. (Compl. ¶¶ 21-26). Defendant SSA argues that "the Court lacks jurisdiction over the [medical malpractice] [c]laim because Plaintiff failed to comply with the FTCA's condition on the waiver of sovereign immunity." (SSA Br. at 19). The Court agrees with Defendant SSA.

Plaintiff, as discussed *supra*, did not plead exhaustion of administrative remedies for his claims. (*See* Compl.). And "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The exhaustion "requirement is jurisdictional and cannot be waived and the burden is on the plaintiff to both plead and prove

compliance with the FTCA's statutory requirements, including exhaustion." *Manchanda v. Lewis*, No. 21-1088-CV, 2021 WL 5986877, at *2 (2d Cir. Dec. 17, 2021) (summary order) (citation modified) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987)). "In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *Id.* (quoting *In re "Agent Orange"*, 818 F.2d at 214). The Complaint contains no allegations that Plaintiff exhausted his medical malpractice claim prior to bringing suit. (*See* Compl.). Thus, the Court lacks subject matter jurisdiction to hear this claim.

Accordingly, Plaintiff's fourth claim for relief for medical malpractice against Defendant SSA is dismissed.

IV. Leave to Amend

Plaintiff's request for leave of Court to amend his Complaint (Pl. Br. at 1-2), is denied without prejudice as Plaintiff has not identified how he would cure the deficiencies in his Complaint. *See Zottola v. Eisai Inc.*, 564 F. Supp. 3d 302, 319 (S.D.N.Y. 2021) ("The Second Circuit has indicated that 'when a plaintiff does not advise the district court how the complaint's defects would be cured . . . it is not an abuse of discretion to implicitly deny leave to amend." (quoting *Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 38 n.4 (2d Cir. 2018) (summary order)). Indeed, given the failure to plead exhaustion or exemption therefrom, and given that Plaintiff commenced this action just over thirty days following the underlying event at issue (*compare* Compl. ¶ 22 (noting that Plaintiff was examined by Defendant IMA's doctor on May 29, 2025), *with id.* at 6 (complaint dated June 30, 2025)), amendment appears to be futile as Plaintiff filed this action well before any appeal could have been taken and/or completed, and Plaintiff attempts to press claims over which the Court lacks subject matter jurisdiction. Accordingly, because Plaintiff has offered

no explanation for how he would be able to cure the defects in his claims, the Court denies Plaintiff's request, made in his opposition brief, for leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant SSA's motion to dismiss and for summary judgment is GRANTED. Plaintiff's request for leave to amend, made in the alternative in his opposition brief, is DENIED. Defendant SSA is dismissed from this action.

The Court notes that this case was removed by Defendant SSA pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of "[a] civil action . . . that is commenced in a State court and that is against . . . The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1). It is not clear to the Court, as Defendant SSA has been dismissed from this case, that it retains subject matter jurisdiction over this action. *See Niagara Mohawk Power Corp. v. Bankers Trust Co., N.A.*, 791 F.2d 242, 244 (2d Cir. 1986) ("28 U.S.C. § 1442(a)(1), confers jurisdiction as well as the right of removal."). The only claim that remains is Plaintiff's state law claim for medical malpractice against Defendant IMA. Accordingly, by December 8, 2026, Plaintiff and Defendant IMA shall show cause by filing a letter why this action should not be remanded to the state court from which it was removed on the grounds that this Court lacks subject matter jurisdiction over this action. In the event the parties agree that this Court lacks subject matter jurisdiction, they may file an Order and Stipulation remanding this action to the Supreme Court of the State of New York, County of Westchester, on consent of the parties, by December 8, 2026.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 36 and terminate the Social Security Administration as a Defendant in this case.

**SO ORDERED.**

Dated: White Plains, New York
November 24, 2026

PHILIP M. HALPERN
United States District Judge